UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FNTECH, INC.,

        Plaintiff,

v.

JUSTIN TABB,

        Defendant.

Case No. 8:18-cv-00645-VMC-TGW

**DEFENDANT'S ANSWER TO COMPLAINT
FOR REPLEVIN AND OTHER RELIEF**

Defendant Justin Tabb ("Defendant"), for answer to the individual paragraphs of the Complaint for Replevin and Other relief hereinbefore filed against it by plaintiff FNTech, Inc. ("FNTech"), states as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint, except he admits that he had done business using the name "Override Pro."

3. Paragraph 3 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding FNTech's citizenship.

4. Paragraph 4 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies that FNTech is entitled to any recovery.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint, except he admits that he resides within the State of Florida.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except he admits that he had done business using the name "Override Pro" and that he is a member and manager of Substratum, LLC.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint, except he admits that he performed software development work for FNTech that included projects for audiovisual effects and another project that FNTech indicated it intended to use for internal management.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint, except he admits that he provided services to FNTech and that FNTech compensated him in the amount of approximately $817,000 for such work.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint, except he admits that he completed two audiovisual effects projects for FNTech.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint, except he admits that he demonstrated internal management software for FNTech, including during the summer of 2016.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint, except he admits that he stopped communicating with FNTech after FNTech continued to make repeated requests for changes to the internal management software that had not been previously specified by FNTech.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies the allegations in paragraph 18.

## COUNT I

19. Defendant repeats his responses to paragraphs 1 through 18 of the Complaint as if fully set forth at length herein.

20. Paragraph 20 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies that FNTech is entitled to any relief.

21. Paragraph 21 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies that FNTech is entitled to any relief.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint, except he admits that he performed all of the work and provide all of the services that he agreed to provide to FNTech.

23. Paragraph 23 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies that FNTech is entitled to any relief.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant admits that the source code referred to in the Complaint has not been taken from him.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

## COUNT II

27. Defendant repeats his responses to paragraphs 1 through 26 of the Complaint as if fully set forth at length herein.

28. Paragraph 28 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies that FNTech is entitled to any relief.

29. Paragraph 29 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies the allegations in paragraph 29, except he admits that he developed and delivered certain software to FNTech and that he received certain payments from FNTech.

30. Paragraph 30 of the Complaint states a legal conclusion that does not require a response. To the extent a response may be required, Defendant denies the allegations in paragraph 30, except he admits that he received certain payments from FNTech.

31. Defendants denies the allegations contained in paragraph 31.

32.     Defendant denies the allegations contained in paragraph 32.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

FNTech's claims for relief are barred because Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

FNTech's claims for relief are barred because Plaintiff has failed to state the terms of any agreement alleged to have been reached between the parties.

### Third Affirmative Defense

FNTech's claims for relief are barred because Plaintiff has failed to identify the subject matter of the alleged contract with sufficient specificity.

### Fourth Affirmative Defense

FNTech's claims for relief are barred because any damages or injury to FNTech resulted from its own acts, omissions, and/or conduct over which Defendant had no control.

### Fifth Affirmative Defense

FNTech, by its action or inaction, is estopped from asserting the purported claims for relief.

### Sixth Affirmative Defense

FNTech is barred from asserting its claims by the doctrine of waiver.

### Seventh Affirmative Defense

FNTech failed and neglected to use reasonable care to protect itself and to avoid, minimize and/or mitigate its alleged injury and/or damages.

Eighth Affirmative Defense

FNTech is barred from asserted its claims by its ratification and/or acceptance of services.

Reservation of Defenses

Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, separate defenses to FNTech's claims. These separate and additional defenses require discovery before they can be properly alleged. Defendant reserves the right to assert such separate and additional defenses after they are ascertained by Defendant or according to proof at trial.

AND NOW, having fully answered, Defendant prays that FNTech's Complaint be dismissed with costs to the Plaintiff and that Plaintiff goes hence without day.

s/ J. Trumon Phillips
Fredrick H.L. McClure
Florida Bar No. 147354
J. Trumon Phillips
Florida Bar No. 84568
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, FL 33607-6233
Phone: (813) 229-2111
Facsimile: (813) 229-1447
Email:  fredrick.mcclure@dlapiper.com
    trumon.phillips@dlapiper.com
    sheila.hall@dlapiper.com
*Attorneys for Defendant Justin Tabb*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

s/ J. Trumon Phillips
Attorney

## SERVICE LIST

Frank R. Jakes
Johnson Pope Bokor Ruppel & Burns, LLP
Counsellors At Law
Sun Trust Bank Building
401 East Jackson Street, Suite 3100
Tampa, FL 33602
P: 813-225-2500 ext. 2050
F: 813-223-7118
Email: frankJ@jpfirm.com
*Attorneys for Plaintiff*